| | |
|---|---|
| JAMES BRADLEY OWEN, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )     MEMORANDUM AND<br>)     RECOMMENDATION |
| CHRISTOPHER M. GOODWIN<br>*in his individual and official capacities*<br>*as sheriff's deputy of Henderson*<br>*County, North Carolina;*<br>BENJAMIN HAWKINS<br>*in his individual and official capacities*<br>*as sheriff's deputy of Henderson*<br>*County, North Carolina;*<br>JACOB TIPTON<br>*in his individual and official capacities*<br>*as sheriff's deputy of Henderson*<br>*County, North Carolina;*<br>NICHOLAS A. NEWELL<br>*in his individual and official capacities*<br>*as sheriff's deputy of Henderson*<br>*County, North Carolina;*<br>LOWELL S. GRIFFIN<br>*in his official capacity as Sheriff of*<br>*Henderson County, North Carolina;*<br>CHARLES S. MCDONALD<br>*in his official capacity as former*<br>*Sheriff of Henderson County,*<br>*North Carolina;*<br>HENDERSON COUNTY,<br>NORTH CAROLINA | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

1

This matter is before the court on a Motion to Dismiss for Lack of Personal Jurisdiction and Insufficiency of Service of Process by Benjamin Hawkins, Christopher Goodwin, Jacob Tipton, and Nicholas Newell (the "Motion to Dismiss," Doc. 19), which has been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.

I. Relevant Background[1]

James Bradley Owen ("Plaintiff") alleges that on or around August 11, 2018, four (4) deputies of the Henderson County Sheriff's Office – Christopher M. Goodwin ("Goodwin"), Benjamin Hawkins ("Hawkins"), Jacob Tipton ("Tipton"), and Nicholas A. Newell ("Newell") (collectively, the "Deputy Defendants") – responded to a call reporting that "two individuals in a brown

---

[1] Background information has been taken from the Complaint, the docket, and the materials submitted by the parties in connection with the Motion to Dismiss. In particular, the moving Defendants have submitted declarations from each of them as well as from Ron Justice, who is a staff attorney with the Henderson County Sheriff's Office, and Jeffrey Banks, who is also associated with the Henderson County Sheriff's Office. Plaintiff has submitted an email to Justice, an affidavit by process server Christopher Crawford, and a declaration of Keith Gregory, who is an employee of Plaintiff's law firm. Docs. 23-2, 23-3, 23-4. These documents may be considered in connection with the Motion to Dismiss. See Davis v. Jones, No. 5:12–cv–143–RJC, 2013 WL 4494713 (W.D.N.C. Aug. 19, 2013) (explaining that "a return of service showing service on its face constitutes prima facie evidence of service" but that a defendant can overcome the presumption of valid service by submitting affidavits "'showing unequivocally that proper service was not made upon the person of the defendant'") (quoting Grimsley v. Nelson, 342 N.C. 542, 545 (1996)); see also Morrison v. George E.B. Holding, No. 7:11–CV–168–BO, 2012 WL 1132787, at *4 n. 2 (E.D.N.C. April 4, 2012) (considering affidavits submitted in support of Rule 12(b)(5) motion to dismiss).

2

pickup truck were shooting deer in a field near the North and South Mills River Community Center ('Community Center')". Doc. 1 at ¶16. Plaintiff contends that the Deputy Defendants violated his civil rights "by destroying his property and using excessive force…" when they arrived at the Community Center. Doc. 1 at ¶1. Specifically, he alleges that the Deputy Defendants "savagely beat[ ]" him despite his compliance with the officers' orders, and killed his dog in front of him "despite said dog displaying no aggression or threatening behavior" toward the Deputy Defendants. Id. at ¶1(a) & (b).

Three years later – on August 11, 2021 – Plaintiff filed a Complaint naming the Deputy Defendants as well as the current Sheriff of Henderson County Lowell S. Griffin ("Griffin"), the former Sheriff of Henderson County Charles S. McDonald ("McDonald"), and Henderson County, North Carolina ("Henderson County") as defendants. Doc. 1.

Summonses were issued for all Defendants on August 12, 2021. Doc. 2.

Plaintiff states that he hired Huseby Global Litigation ("HGL") to serve Defendants and that on October 12, 2021, Christopher Crawford ("Crawford"), an agent of HGL, attempted to serve the Deputy Defendants at the Henderson County Sheriff's Office. Doc. 23 at 2. At that time, Henderson County Sheriff's Office staff attorney Ron Justice ("Justice") informed Crawford that he (Justice) would not accept service on behalf of the Deputy Defendants, but that Justice would contact Plaintiff's counsel to arrange for service. Id. However,

despite this assurance and subsequent follow up communications from Plaintiff's counsel's legal assistant, no further information was received from Justice.

On November 2, 2021, Henderson County filed its Answer. Doc. 3.

On November 8, 2021, Crawford again went to the Sheriff's Office, where he spoke with Jeffrey Banks ("Banks"), who was working at the front window. Crawford "advised Banks of [his] purpose" and "asked if [Banks] could accept the documents." Crawford states that "Banks agreed and accepted the legal process" for the Deputy Defendants and Griffin. Doc. 23-3. Banks subsequently left the documents in Justice's office mailbox. Doc. 20-7 (Declaration of Banks stating that on November 8, "a process server came to the front desk of the Sheriff's office, gave me summons and complaints and asked me to give them to Sheriff's Office staff attorney Ron Justice"); Doc. 20-6 (Declaration of Justice stating that on November 8, Banks told him "someone had left some documents for [Justice] and [Banks] placed them in my office mailbox").

On November 9, 2021, defense counsel advised Plaintiff's counsel that, at the time, he only represented Henderson County and did not have the authority to accept service for the remaining Defendants. Consequently, Plaintiff filed a Motion for Extension of Time to Serve Process. Doc. 4. In that motion, Plaintiff's counsel stated that, since the issuance of summonses on August 12, 2021, Plaintiff had "made reasonable and diligent, albeit

4

unsuccessful, efforts to obtain proper service on the various defendants." The motion went on to state that "[a]lthough it appears that service has recently been obtained, until a served defendant files a responsive pleading in which service is admitted and not objected to, it is imperative that the summons be renewed and extended until such time as service of process is eliminated as an issue in this case." Id.

The following day, the undersigned granted Plaintiff's motion in part and extended Plaintiff's time to serve the Deputy Defendants, Griffin, and McDonald through and including December 10, 2021. Doc. 5.

On November 23, 2021, Plaintiff filed executed returns which indicated that the Deputy Defendants, Griffin, and McDonald had been served on November 8, 2021. Docs. 6-12. The returns stated that Crawford served summonses for the Deputy Defendants on Banks, and that Banks was "designated by law to accept service of process on behalf of…[the] Henderson Sheriff['s] Office." Docs. 6, 8, 10, 12.

On November 29, 2021, the Deputy Defendants, along with Griffin, filed a motion for extension of time to respond to Plaintiff's Complaint. Doc. 16. That request was granted and the deadline for these Defendants to respond was extended to December 21, 2021.

5

On December 21, 2021, the Deputy Defendants filed the Motion to Dismiss with a supporting memorandum. Docs. 19, 20. Plaintiff has responded, and the Deputy Defendants have replied. Docs. 23, 24.[2]

## II. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(5) challenges the sufficiency of the service of process. "Under [this rule], 'the plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4.'" McDaniel v. Greyhound Lines, Inc., No. 3:08-cv-130-FDW, 2008 WL 2704774, at *4 (W.D.N.C. July 7, 2008) (quoting Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003)).

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998) (citing Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984)).

---

[2] McDonald, and Griffin, like Henderson County, have each filed an Answer and the Motion to Dismiss is not made on their behalf. Docs. 3, 13, 21.

## III. Discussion

### A. Sufficiency of Service

Pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure, an individual may be served by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 4 also provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." F.R.C.P. 4(e)(1). In turn, North Carolina law provides that a natural person may be served:

> a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
>
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
>
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt

7

requested, addressed to the party to be served, and delivering to the addressee.

d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

N.C.G.S. § 1A-1, Rule 4(j)(1)(a)-(e).

Here, the Deputy Defendants contend that Banks was not authorized by law to accept service for them, and that Plaintiff has not otherwise attempted to serve the Deputy Defendants. See Doc. 20 at 6, 3; see also Docs. 20-2 – 20-5; Doc. 20-7 (Declaration of Banks stating he is not authorized to accept service of process for Henderson County Sheriff employees); Doc. 20-6 (Declaration of Justice stating that prior to November 8, Justice informed the process service that Justice was not authorized to accept service on behalf of the Sheriff or any of the Sheriff's deputies).

In response, Plaintiff asserts that the "rules regarding service of process were sufficiently complied with under the circumstances." Doc. 23 at 4. In particular, Plaintiff contends that the Deputy Defendants had "actual notice" of the lawsuit and "have interfered with the Plaintiff completing personal

8

service." Doc. 23 at 7. Additionally, Plaintiff argues that he could not have completed service by other means because he could neither "confirm the residential addresses" of the Deputy Defendants nor "reasonably expect them to sign a return receipt." Id. at 8.

### 1. Actual Notice

"When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, 733 F.2d at 1089. At the same time, "'the rules are there to be followed, and plain requirements for the means of effective service of process may not be ignored.'" Spinks v. Cohen, No. 1:19-cv-522, 2020 WL 1676919, at *2 (M.D.N.C. Apr. 2, 2020) (quoting Armco, 733 F.2d at 1089); see also Scott v. Maryland State Dept. of Labor, 673 Fed. Appx. 299, 304 (unpubl.) (per curiam) ("Although actual notice typically warrants liberal construction of the rules, they 'are there to be followed, and plain requirements ... may not be ignored'") (quoting Armco).

Further, as one court in this district has explained "[a]ctual notice of a lawsuit is insufficient to confer jurisdiction over the person of a defendant, and improper service of process, even if it results in notice, is not sufficient to confer such personal jurisdiction." Land v. Food Lion, LLC, No. 3:12-cv-00006-GCM, 2012 WL 1669678, at *3 (W.D.N.C. May 14, 2012) (citations omitted); see also Shaver v. Cooleemee Volunteer Fire Dept., No. 1:07CV00175, 2008 WL 942560,

9

at *2 (M.D.N.C. Apr. 7, 2008) (finding the plaintiff's argument that actual notice of a lawsuit "should trump the service requirement" was meritless); Adams v. GE Money Bank, No. 1:06CV00227, 2007 WL 1847283, at *3 (M.D.N.C. June 25, 2007) (finding that a *pro se* plaintiff's failure to serve the proper statutory recipients required dismissal even though the defendants received actual notice of the lawsuit).

In this instance, even assuming the Deputy Defendants themselves received actual notice of Plaintiff's suit, that notice did not constitute service on these parties sufficient to allow the court to exercise personal jurisdiction over them.

### 2. Alleged Attempted Avoidance of Service

Plaintiff's process server was advised during his initial visit to the Sheriff's Office that Justice would not accept service on behalf of the Deputy Defendants. Plaintiff has provided no information that Justice subsequently changed his position in this regard; to the contrary, Plaintiff's counsel states that Justice did not respond to attempted contacts.

Further, though Crawford states that Banks "accepted the legal process," Plaintiff does not dispute the Deputy Defendants' position that neither Banks nor Justice were authorized to accept service on behalf of the Deputy Defendants. See Docs. 20-2 – 20-5 (Declarations of Deputy Defendants stating that they have not authorized Banks or Justice to accept service); Doc. 20-6

(Declaration of Justice); Doc. 20-7 (Declaration of Banks); see also Dalenko v. Stephens, No. 5:12-cv-122-F, 2013 WL 3288376, at *3 (E.D.N.C. June 28, 2013) (legal counsel to the sheriff was not, per his affidavit, authorized to accept service of process upon sheriff); Davis v. Jones, No. 5:12-cv-143-RJC, 2013 WL 4494713 (W.D.N.C. Aug. 19, 2013) (relying on affidavits establishing that individual who signed for delivery of summons and complaint was not defendant's authorized agent and dismissing without prejudice plaintiff's complaint pursuant to Rule 12(b)(2)); Baker v. Durham County SWAT Team, No. 1:14CV878, 2016 WL 2621972, at *3, n. 2 (M.D.N.C. May 5, 2016) ("serving an unauthorized person cannot be deemed sufficient…even if the unauthorized person accepts the documents") (citing Elkins v. Broome, 213 F.R.D. 273, 276 (M.D.N.C. 2003) ("Service of process cannot be effected upon Defendant by serving at his place of employment individuals who are not authorized to accept service of process")).

Consequently, the undersigned is not convinced that the Deputy Defendants have interfered with Plaintiff's attempts at service.

### 3. Service by Other Means

Finally, Plaintiff states that he attempted to serve the Deputy Defendants personally at the Henderson County Sheriff's Office because he only had their work addresses and that he "did not attempt service methods involving a courier or mail carrier because such methods require the signature

11

Case 1:21-cv-00217-MR-WCM    Document 26    Filed 05/05/22    Page 11 of 17

confirmation of the defendant to be valid, thus requiring a level of participation in service beyond that required by personal service by uncooperative defendants." Doc. 23 at 9.

It is not clear that service attempts by mail or courier would have been unsuccessful but, even if they were, Plaintiff had other options for serving the Deputy Defendants. See Goodwin v. Furr, 25 F.Supp.2d 713 (M.D.N.C. 1998) (service on deputy sheriffs could be done pursuant to N.C.G.S. § 162-16 via service by the coroner of the county or, if there was no coroner, by the clerk of court or someone designated by the clerk of court).

Issues of service are often resolved cooperatively among counsel and the undersigned acknowledges that, in this case, Plaintiff's counsel contacted defense counsel twice about accepting service on behalf of the Deputy Defendants, with one of those times being after defense counsel had appeared on behalf of the Deputy Defendants and filed the Motion to Dismiss. See Doc. 23 at 7-8 ("On January 4, 2022, counsel for the Plaintiff again inquired about defense counsel's authority to accept service on behalf of the defendants, and despite now representing all of them, the defendants have refused to allow their attorney to accept service on their behalf").

Nonetheless, Plaintiff's attempts to serve the Deputy Defendants do not meet the requirements of Rule 4.

12

### B. Response

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, as discussed above, Plaintiff's efforts at serving the Deputy Defendants consisted of asking Justice and defense counsel if they could accept service and then leaving the legal papers at the front desk of the Sheriff's Office with Banks (notwithstanding having been advised previously that Justice would not accept service for the Deputy Defendants).

In addition, Plaintiff has not requested a further extension of the deadline to serve the Deputy Defendants based on good cause or otherwise. Compare Wilson v. Prince George's County, MD, Civil Action No. AW-04-3922, 2005 WL 8174726, at *3 (D. Md. Oct. 3, 2005) (considering whether there was good cause to extend the time period for service and collecting cases in which good cause was found when, for example, defendant actively evaded service or a clerk's office error delayed issuance of summons and impeded service of process, and explaining that "[a]t the very least, '[g]ood cause encompasses

13

reasonable diligent efforts to effect service on the defendants'") (quoting Burns & Russell Co. v. Oldcastle, Inc., 166 F. Supp. 2d 432, 439 fn.9 (D. Md. 2001)).

Instead, Plaintiff has chosen to rely on his previous service efforts, arguing that they should be considered sufficient.

These circumstances require the undersigned to consider whether to recommend that Plaintiff's claims against the Deputy Defendants be dismissed as requested.

The potential prejudice to Plaintiff, however, of such a dismissal could be significant. Plaintiff's Complaint asserts claims pursuant to 42 U.S.C. §1983 arising out of an incident that allegedly occurred on August 11, 2018. Doc. 1 at ¶1. Even though the dismissal of his claims against the Deputy Defendants would be without prejudice as referenced in Rule 4(m),[3] such a dismissal could result in those claims being time barred. See National Advertising Company v. City of Raleigh, 947 F.2d 1158, 1161-1162 (4th Cir.1991) (statute of limitations in North Carolina for section 1983 claims is three years); Iredell Water Corp. v. City of Statesville, No. 5:21-CV-00132-KDB-DSC, 2022 WL 893538 at *2 n. 2 (W.D.N.C. March 25, 2022) (same); see also Mendez v. Elliot, 45 F.3d 75, 78 (4th Cir. 1995) (A dismissal "without prejudice" gives the

---

[3] As the Motion to Dismiss is made only by the Deputy Defendants, Plaintiff's claims against Griffin, McDonald, and Henderson County would proceed if the Motion to Dismiss were to be allowed.

14

plaintiff the right to refile the complaint as if the original had never been filed, but the new complaint will be subject to time defenses, such as the statute of limitations).

Rule 4(m) authorizes the *sua sponte* extension of service deadlines. See e.g., Womack v. EVOL Nutrition Assocs., Inc., No. 6:21-cv-00332 (BKS/TWD), 2021 WL 5906340, at *3 (N.D.N.Y. Dec. 14, 2021) ("the Federal Rules of Civil Procedure specifically authorize courts to extend service deadlines – both sua sponte and upon a plaintiff's request and showing of good cause…"); Cable v. Coyne-Fague, 438 F.Supp.3d 143, 147 (D.R.I. 2020) ("Fed. R. Civ. P. 4(m) allows a court sua sponte or on motion to extend the time within which service must be made, even if there was no good cause for the failure to serve on time"); Oden v. Wellfirst Technologies, Inc., No. 2:20-CV-00034, 2020 WL 11272644, at *2 (S.D. Tx. May 29, 2020) ("Plaintiff has neither moved for an extension of time to serve Defendant nor attempted to make any showing of good cause for its failure. Whether to extend Plaintiff's time to serve Defendant, consequently, lies within the Court's discretion").

Bearing in mind the potentially dispositive effect that a dismissal could have on Plaintiff's claims against the Deputy Defendants, the general policy that cases should be decided on their merits, and Plaintiff's attempts at service and his requests that defense counsel accept service on behalf of the Deputy Defendants, the undersigned will recommend that the Motion to Dismiss be

15

denied without prejudice and that the District Court provide a limited window for Plaintiff to complete service on the Deputy Defendants. <u>See</u> Advisory Committee Notes to Fed. R. Civ. P. Rule 4(m) (1993) (extension of the deadline to serve process "may be justified ... if the ... statute of limitations would bar the refiled action").

## IV. Recommendation

For the reasons set forth herein, the undersigned respectfully **RECOMMENDS**:

1. That the Motion to Dismiss for Lack of Personal Jurisdiction and Insufficiency of Service of Process by Benjamin Hawkins, Christopher Goodwin, Jacob Tipton, and Nicholas Newell (Doc. 19) be **DENIED WITHOUT PREJUDICE.**

2. That Plaintiff be ordered to complete service on the Deputy Defendants, and to file proof of the same, within 30 days and advised that no further extensions of the deadline for service will be allowed absent extraordinary circumstances.

Signed: May 5, 2022

*W. Carleton Metcalf*
W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).